UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 2:14-CV-00054-WOB-JGW

MARK BURDEN, In His Capacity as )
Personal Representative of the Estate of and )
Next Friend of Danny Ray Burden, Deceased )
)
                      Plaintiff, )
)
v. )
)
GRANT COUNTY FISCAL COURT, )
GRANT COUNTY, KENTUCKY, *et al*. )
)
                      Defendants. )

**ANSWER OF DEFENDANTS, ADVANCED CORRECTIONAL HEALTHCARE, INC., CELESTE KIEFNER (Nurse), EDNA M. HARRISON (Nurse), UNKNOWN EMPLOYEES OF ADVANCED CORRECTIONAL HEALTHCARE, INC., AND DR. NADIR AL-SHAMI (Doctor) TO PLAINTIFF'S COMPLAINT**

\* \*\* \* \*\* \* \*\* \*

Comes the Defendants, Advanced Correctional Healthcare, Inc., Celeste Kiefner (Nurse), Edna M. Harrison (Nurse), Unknown Employees of Advanced Correctional Healthcare, Inc., and Dr. Nadir Al-Shami (Doctor) by counsel, and for their Answer to the Plaintiff's Complaint, filed herein, state as follows:

**RESPONSES TO ALLEGATIONS IN COMPLAINT**

1.      The allegations contained in Paragraphs 11, 12, 13, 34, and 50 are admitted.

2.      The allegations in Paragraph 2 are admitted to the extent that Grant County Fiscal Court and the Grant County Detention Center are governmental entities. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

3. The allegations in Paragraph 3 are admitted to the extent that Terry Peoples is the Grant County Jailer and was the Grant County Jailer in March 2013. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

4. The allegations in paragraph 6 are admitted to the extent that Advanced Correctional Healthcare, Inc. ("ACH") is a foreign corporation and provides medical services to inmates at Grant County Detention Center including, but not limited to Danny Ray Burden. These Defendants specifically deny the implications and/or allegations that they observed, witnessed, and/or otherwise participated in omissions, offenses, wrongs, torts, and/or failures related to Danny Ray Burden.

5. The allegations in Paragraph 7 are admitted to the extent that Defendants, Celeste Kiefner, Edna M. Harrison, and Dr. Nadir Al-Shami are and were employees of ACH on March 27, 2013. These Defendants specifically deny the allegations that they observed, witnessed, and otherwise participated in omissions, offenses, wrongs, torts, and/or failures related to Danny Ray Burden. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same as "medical services" and "medical treatment" are not defined.

6. The allegation in Paragraph 10 that Defendants, Celeste Kiefner, Edna M. Harrison, Unknown employees of Advanced Correctional Healthcare Inc., and Dr. Nadir Al-Shami, participated in a collusion and/or conspiracy related to Danny Ray Burden is denied. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

7. The allegation in Paragraph 14 that Defendants, Celeste Kiefner, Edna M. Harrison, Unknown employees of Advanced Correctional Healthcare Inc., and Dr. Nadir Al-Shami, participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved omissions, offenses, wrongs, torts, and/or failures related to Danny Ray Burden is denied. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

8. Any and all allegations in Paragraph 15 relating to Advanced Correctional Healthcare, Inc., Celeste Kiefner, Edna M. Harrison, Unknown employees of Advanced Correctional Healthcare Inc., and Dr. Nadir Al-Shami are denied. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

9. The allegation in Paragraph 19 that Nurse Kiefner assessed Danny Ray Burden on arrival is admitted. The history she obtained from him is recorded in the medical record, which speaks for itself. To the extent the allegations of Paragraph 19 differ from the medical record, they are denied.

10. The allegation in Paragraph 20 that Nurse Kiefner conducted a blood sugar test on Danny Ray Burden which yielded a blood sugar level of 336 mg/dL is admitted. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

11. The allegation in Paragraph 22 that Nurse Kiefner contacted Dr. Al-Shami to discuss Danny Ray Burden's blood sugar level is admitted. These Defendants deny the remaining allegations of this paragraph.

12. The allegation in Paragraph 23 that Nurse Kiefner received an order from Dr. Al-Shami to administer insulin to Danny Ray Burden is admitted. Nurse Kiefner admits that she did not administer insulin to Mr. Burden during the short time he remained in the facility on March 27, 2013. These Defendants deny any and all allegations of negligence and impropriety upon their part pertaining to this paragraph, specifically the allegation and/or implication that insulin was to be administered immediately.

13. The allegation in Paragraph 24 that Danny Ray Burden was provided food on a tray at some point during his incarceration is admitted. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

14. The allegation in Paragraph 28 that either Advanced Correctional Healthcare, Inc., Celeste Kiefner, Edna M. Harrison, Unknown employees of Advanced Correctional Healthcare Inc., and/or Dr. Nadir Al-Shami, failed to provide adequate, reasonable medical treatment, evaluation, monitoring or care is denied. These Defendants deny any and all allegations of negligence and impropriety. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

15. These Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations of Paragraph 29 and, therefore, deny the same.

16. The allegation in Paragraph 33 that Danny Ray Burden was coughing at one point during his incarceration on March 27, 2013 is admitted. This Defendant is without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

17. In response to the allegations in Paragraph 48, Defendants admit only that Corporal Howell called for medical assistance regarding Danny Ray Burden. Any implication that Defendants, Edna M. Harrison, Celeste Kiefner, Unknown employees of Advanced Correctional Healthcare, Inc. or Dr. Nadir Al-Shami are employees of Grant County Detention Center is denied.

18. The allegation in Paragraph 49 that Edna M. Harrison assessed Danny Ray Burden is admitted. Further, this Defendant admits that Mr. Burden did not respond to an ammonia inhalant. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

19. The allegation contained in Paragraph 53 that Celeste Kiefner and Edna Harrison participated in resuscitation efforts to assist Danny Ray Burden is admitted. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

20. The allegation contained in Paragraph 57 that medical personnel (EMS) continued lifesaving measures on Danny Ray Burden is admitted. These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of this paragraph and, therefore, deny the same.

21. The allegations contained in Paragraph 76 are legal standards and do not require a response from said Defendants.

22. The allegations contained in Paragraphs 21, 26, 31, 32, 35, 40, 51, 68, 70, 71, 72, 73, 74, 77, 78, 79, 82, 83, 84, 86, 87, 88, 90, and 91 of Plaintiff's Complaint are denied.

23.     The allegations contained in Paragraph 80 are not directed to these Defendants and do not require a response from said Defendants.

24.     These Defendants are without sufficient knowledge or information at this time to either admit or deny the remaining allegations of Plaintiff's Complaint and, therefore, deny the same.

25.     These Defendants reiterate their admissions and denials to the allegations in Paragraphs 1 through 91 of Plaintiff's Complaint to the extent Plaintiff reaffirmed his allegations in Paragraphs 69, 75, 81, 85, and 89 of Plaintiff's Complaint.

26.     These Defendants deny any and all allegations of negligence and impropriety upon their part.

27.     These Defendants deny any and all allegations that they caused the death of Danny Ray Burden.

28.     These Defendants deny any and all allegations that they were co-conspirators or involved in a conspiracy of any kind.

29.     These Defendants deny each and every other allegation of Plaintiff's Complaint not herein specifically admitted.

## FIRST DEFENSE

30.     To the extent Plaintiff's claims were not timely filed, the claims are barred, in whole or in part, pursuant to all applicable statutes of limitation.

## SECOND DEFENSE

31.     Plaintiff's Complaint fails to state a cause of action against these Defendants upon which relief can be granted and should, therefore, be dismissed.

## THIRD DEFENSE

32. To the extent applicable pursuant to Plaintiff's Complaint, Plaintiff has failed to join indispensable parties needed for adjudication pursuant to Federal Rules of Civil Procedure 19.

## FOURTH DEFENSE

33. The injuries and/or damages, if any, about which Plaintiff complains, may have been the result of the acts and/or negligence of Plaintiff, Danny Ray Burden. To the extent that Plaintiff's actions caused or contributed in any way to any of the injuries and/or damages complained of herein, Plaintiff's claims are barred, either in whole or in part, and/or mitigated to the extent of the contributory and/or comparative negligence of said Danny Ray Burden.

## FIFTH DEFENSE

34. The injuries and/or damages, if any, about which Plaintiff complains, may have been the direct and proximate result of the actions or inactions of other persons over whom this Defendant asserts no control. The actions or inactions of these other persons or entities act as superseding and/or intervening causes of the alleged injuries and/or damages, if any. Consequently, Plaintiff's claims against this Defendant are barred, either in whole or in part.

## SIXTH DEFENSE

35. To the extent discovery reveals any factual situation such that the affirmative defenses of Federal Rules of Civil Procedure 8(c)(1) become applicable, these Defendants provisionally asserts each and every affirmative defense found in Federal Rules of Civil Procedure 8(c)(1), as if fully restated herein, as further discovery shall deem appropriate.

## SEVENTH DEFENSE

36. Defendants specifically deny violating any statute.

### EIGHTH DEFENSE

37. The allegations and claims for punitive damages against these Defendants are barred in whole or in part by the Kentucky Constitution and the United States Constitution, and this Defendant further pleads KRS § 411.184 and KRS § 411.186 as a defense.

### NINTH DEFENSE

38. To the extent that Plaintiff failed to comply with the mandatory prerequisites and requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e), *et seq*., his claims are barred.

### TENTH DEFENSE

39. Defendants, Celeste Kiefner, Edna M. Harrison, Unknown employees of Advanced Correctional Healthcare Inc., and Dr. Nadir Al-Shami, are entitled to qualified immunity from suit, specifically from the 42 U.S.C. § 1983 claims asserted therein, and from the liability sought to be imposed by the Plaintiff in the Complaint.

### ELEVENTH DEFENSE

40. Defendants, Celeste Kiefner, Edna M. Harrison, Unknown employees of Advanced Correctional Healthcare Inc., and Dr. Nadir Al-Shami, are entitled to good faith immunity from suit, specifically from the 42 U.S.C. § 1983 claims asserted therein, and from the liability sought to be imposed by the Plaintiff in the Complaint.

**WHEREFORE**, having responded to the Plaintiff's Complaint, the Defendants, Advanced Correctional Healthcare, Inc., Celeste Kiefner, Edna M. Harrison, Unknown employees of Advanced Correctional Healthcare Inc., and Dr. Nadir Al-Shami, by counsel, respectfully demand as follows:

A. That the Plaintiff's Complaint against them be dismissed, with prejudice;

B. That they recover their costs herein expended, including reasonable attorney's fees;

C. A trial by jury; and

D. That they be awarded any and all other relief to which they are entitled, including leave to amend their Answer to Plaintiff's Complaint and assert any defenses contingent upon discovery herein.

Respectfully submitted,

/s/Colleen C. Hartley
Tracy S. Prewitt
Colleen C. Hartley
O'BRYAN, BROWN & TONER, PLLC
1500 Starks Building
455 South Fourth Street
Louisville, Kentucky 40202
502.585.4700
502.585.4703 (fax)
tprewitt@obtlaw.com
hartleyc@obtlaw.com
*Counsel for Defendants, Advanced Correctional Healthcare, Inc., Celeste Kiefner (Nurse), Edna M. Harrison (Nurse), Unknown Employees of Advanced Correctional Healthcare, Inc., and Dr. Nadir Al-Shami (Doctor)*

**CERTIFICATE OF SERVICE**

This is to certify that on the 12th day of May 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: John N. Billings, Esq. and Gary W. Thompson, Esq.

/s/Colleen C. Hartley
Colleen C. Hartley