**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**CASE NO. 2:14-CV-54-WOB-JGW**

**MARK BURDEN, IN HIS CAPACITY AS**
**PERSONAL REPRESENTATIVE OF THE**
**ESTATE OF AND NEXT FRIEND OF**
**DANNY RAY BURDEN, DECEASED**                                                   **PLAINTIFF**

**v.**

**GRANT COUNTY FISCAL COURT, et al.**                                             **DEFENDANTS**

---

**ANSWER OF DEFENDANTS, GRANT COUNTY FISCAL COURT/GRANT COUNTY, GRANT COUNTY DETENTION CENTER, TERRY PEEPLES, RICHARD CLISE, LISA MENTRUP, TONYA BEAGLE, TROY HALE, MEGAN TEETERS, AND BARRY GREEN**

---

The Defendants, Grant County Fiscal Court/Grant County, Kentucky; the Grant County Detention Center; Terry Peeples, Grant County Jailer in his individual and official capacity; Richard Clise, in his individual and official capacity; Lisa Mentrup, in her individual and official capacity; Tonya Beagle, in her individual and official capacity; Troy Hale, in his individual and official capacity; Megan Teeters, in her individual and official capacity; and Barry Green, in his individual and official capacity, for their Answer to the Complaint, state as follows:

1. Defendants deny the averments in paragraph 1 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

2. Defendants admit so much of paragraph 2 of the Complaint that avers that the Grant County Fiscal Court and Grant County, Kentucky are governmental entities, but deny all remaining averments therein.

3. Defendants admit so much of paragraph 3 of the Complaint that avers that Terry Peeples was and is the duly elected Grant County Jailer and that he has responsibility for the establishment of certain policies and procedures involving the employment, training, supervision and conduct of employees at the Jail, but deny all remaining averments therein.

4. Defendants admit so much of paragraph 4 of the Complaint that avers that Jessica Jump, Liam McCarthy, Robert Howell, Richard Clise, Lisa Mentrup, Tonya Beagle, Eric Morris, Troy Hale, Jason Hankins, Adam Whitney, Fred Jernigan, Megan Teeters, and Barry Green were employees at the Grant County Detention Center on March 27, 2013, but deny all remaining averments therein.

5. Defendants deny the averments in paragraph 5 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

6. Defendants admit so much of paragraph 6 of the Complaint that avers that the Advanced Correctional Healthcare, Inc. ("ACH") is a corporation that has medical personnel who are assigned to provide medical services to inmates at the Grant County Detention Center, including Danny Ray Burden, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

7. Defendants admit so much of paragraph 7 of the Complaint that avers that ACH employees provided medical care to Danny Ray Burden on March 27, 2013, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

8. Defendants admit so much of paragraph 8 of the Complaint that avers that Franklin Barnes was an inmate at the Grant County Detention Center and a Trustee on March 27, 2013, but deny all remaining averments therein.

9. Upon information and belief, Franklin Barnes observed some or all of the events of March 27, 2013 involving Danny Burden, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

10. Defendants deny the averments in paragraph 10 of the Complaint.

11. The averments in paragraph 11 of the Complaint call for a conclusion of law which the Defendants are not required to make and accordingly, no response is required.

12. The averments in paragraph 12 of the Complaint call for a conclusion of law which the Defendants are not required to make and accordingly, no response is required.

13. The averments in paragraph 13 of the Complaint call for a conclusion of law which the Defendants are not required to make and accordingly, no response is required.

14. Defendants deny the averments in paragraph 14 of the Complaint.

15. Defendants deny the averments in paragraph 15 of the Complaint.

16. Defendants admit so much of paragraph 16 of the Complaint that avers that Danny Ray Burden was ordered to serve a sentence in the Grant County Detention Center on March 27, 2013, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

17. Defendants admit so much of paragraph 17 of the Complaint that avers that Danny Ray Burden arrived at the Grant County Detention Center on March 27, 2013, but

deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

18. Defendants deny the averments in paragraph 18 of the Complaint.

19. Defendants admit so much of paragraph 19 of the Complaint that avers that Danny Ray Burden was assessed by ACH Nurse Celeste Kiefner, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

20. Defendants deny the averments in paragraph 20 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

21. Defendants deny the averments in paragraph 21 of the Complaint.

22. Defendants deny the averments in paragraph 22 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

23. Defendants deny the averments in paragraph 23 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

24. Defendants admit so much of paragraph 24 of the Complaint that avers that Danny Ray Burden was seated on the booking bench at the Grant County Detention Center, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

25. Defendants admit so much of paragraph 25 of the Complaint that avers that Deputy Jump initiated the booking process for Danny Ray Burden at 12:45 p.m. and that she asked him questions as part of the booking process, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

26. Defendants deny the averments in paragraph 26 of the Complaint.

27. Defendants deny the averments in paragraph 27 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

28. Defendants deny the averments in paragraph 28 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

29. Defendants deny the averments in paragraph 29 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

30. Defendants admit so much of paragraph 30 of the Complaint that avers that Danny Ray Burden advised Deputy Jump that he suffered from panic attacks, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

31. Upon information and belief, Defendants admit so much of paragraph 31 of the Complaint that avers that Deputy Jump advised ACH employees of Burden's condition, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

32. Defendants deny the averments in paragraph 32 of the Complaint.

33. Defendants deny the averments in paragraph 33 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

34. Defendants deny the averments in paragraph 34 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

35. Defendants deny the averments in paragraph 35 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

36. Defendants deny the averments in paragraph 36 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

37. Defendants deny the averments in paragraph 37 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

38. Defendants deny the averments in paragraph 38 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

39. Defendants deny the averments in paragraph 39 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

40. Defendants deny the averments in paragraph 40 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

41. Defendants deny the averments in paragraph 41 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

42. Defendants deny the averments in paragraph 42 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

43. Defendants deny the averments in paragraph 43 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

44. Defendants deny the averments in paragraph 44 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

45. Defendants deny the averments in paragraph 45 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

46. Defendants deny the averments in paragraph 46 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

47. Defendants deny the averments in paragraph 47 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

48. Defendants deny the averments in paragraph 48 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

49. Defendants deny the averments in paragraph 49 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

50. Defendants deny the averments in paragraph 50 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

51. Defendants deny the averments in paragraph 51 of the Complaint.

52. Defendants deny the averments in paragraph 52 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

53. Defendants deny the averments in paragraph 53 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

54. Defendants deny the averments in paragraph 54 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

55. Defendants admit so much of paragraph 55 of the Complaint that avers that the Williamstown Volunteer Fire Department arrived with the Dry Ridge EMS on March 27, 2013 at the Grant County Jail, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

56. Defendants deny the averments in paragraph 56 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

57. Defendants deny the averments in paragraph 57 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

58. Defendants admit the averments in paragraph 58 of the Complaint.

59. Defendants deny the averments in paragraph 59 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

60. Defendants deny the averments in paragraph 60 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

61. Defendants deny the averments in paragraph 61 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

62. The averments in paragraph 62 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

63. Defendants deny the averments in paragraph 63 of the Complaint.

64. Defendants deny the averments in paragraph 64 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

65. Defendants deny the averments in paragraph 65 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

66. Defendants deny the averments in paragraph 66 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

67. Defendants deny the averments in paragraph 67 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

68. Defendants deny the averments in paragraph 68 of the Complaint.

69. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 68 as adopted in paragraph 69 of the Complaint.

70. Defendants deny the averments in paragraph 70 of the Complaint.

71. Defendants deny the averments in paragraph 71 of the Complaint.

72. Defendants deny the averments in paragraph 72 of the Complaint.

73. Defendants deny the averments in paragraph 73 of the Complaint.

74. Defendants deny the averments in paragraph 74 of the Complaint.

75. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 74 as adopted in paragraph 75 of the Complaint.

76. Defendants deny the averments in paragraph 76 of the Complaint.

77. Defendants deny the averments in paragraph 77 of the Complaint.

78. Defendants deny the averments in paragraph 78 of the Complaint.

79. Defendants deny the averments in paragraph 79 of the Complaint.

80. Defendants deny the averments in paragraph 80 of the Complaint.

81. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 80 as adopted in paragraph 81 of the Complaint.

82. Defendants deny the averments in paragraph 82 of the Complaint.

83. Defendants deny the averments in paragraph 83 of the Complaint.

84. Defendants deny the averments in paragraph 84 of the Complaint.

85. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 84 as adopted in paragraph 85 of the Complaint.

86. Defendants deny the averments in paragraph 86 of the Complaint.

87. Defendants deny the averments in paragraph 87 of the Complaint.

88. Defendants deny the averments in paragraph 88 of the Complaint.

89. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 88 as adopted in paragraph 89 of the Complaint.

90. Defendants deny the averments in paragraph 90 of the Complaint.

91. Defendants deny the averments in paragraph 91 of the Complaint.

**FIRST DEFENSE**

1. The Complaint fails to allege facts sufficient to state a claim or cause of action against Defendants upon which relief may be granted.

**SECOND DEFENSE**

2. The Grant County Detention Center and the Grant County Fiscal Court are not entities *sui juris*.

**THIRD DEFENSE**

3. Defendants are immune from suit, from the claims asserted therein, and from the liability sought to be imposed by the Plaintiff in his Complaint.

**FOURTH DEFENSE**

4. All answering Defendants in their individual capacity are entitled to qualified immunity from suit, from the claims asserted therein, and from the liability sought to be imposed by the Plaintiff on any federal claims asserted in the Complaint.

**FIFTH DEFENSE**

5. All answering Defendants in their individual capacity are entitled to qualified official immunity from suit, from the claims asserted therein, and from the liability sought to be imposed by the Plaintiff on any state law claims asserted in the Complaint.

**SIXTH DEFENSE**

6. Defendants in their official capacity, and Grant County, are entitled to governmental and/or sovereign immunity from any and all tort claims asserted in the Complaint.

**SEVENTH DEFENSE**

7. Any losses, injuries or damages claimed or alleged by the Plaintiff in the Complaint were due and caused by the actions or failure to act of Danny Ray Burden.

**EIGHTH DEFENSE**

8. Alternatively, any losses, injuries or damages claimed or alleged by the Plaintiff in the Complaint were directly and proximately caused by the actions, conduct or failure to act of persons other than the answering Defendants.

**NINTH DEFENSE**

9. Alternatively, any losses, injuries or damages claimed or alleged by the Plaintiff in the Complaint were sustained as a direct and proximate result of unforeseeable, superseding and/or intervening causes for which the Defendants bear no liability nor responsibility.

**TENTH DEFENSE**

10. The actions of the Defendants, at all time referenced in the Complaint, were in all respects reasonable, proper, justified, legal and undertaken without any wrongful intent, impact or effect.

**ELEVENTH DEFENSE**

11. Plaintiff is estopped and/or has waived the right to assert some or all of the claims asserted in the Complaint.

**TWELFTH DEFENSE**

12. Defendants in their official capacity and Grant County affirmatively plead and rely upon any and all defenses set forth in the Claims Against Local Government Act, KRS 65.2000, *et seq*.

**THIRTEENTH DEFENSE**

13. The imposition of punitive damages against Defendants would violate their constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments and the excessive fines cause of the Eighth Amendment of the United States Constitution and similar provisions in the Constitution of the Commonwealth of Kentucky.

**FOURTEENTH DEFENSE**

14. Any and all claims asserted against the answering Defendants in their official capacity are equivalent to claims against Grant County and accordingly, all claims against them in their official capacity should be dismissed and held for naught.

**FIFTEENTH DEFENSE**

15. Defendants adopt, reiterate and incorporate by reference herein any and all defenses set forth in the Prison Litigation Reform Act, 42 USC §1997(e), *et seq*.

**SIXTEENTH DEFENSE**

16. Defendants assert any and all affirmative defenses in Civil Rule 8(c)(1) of the Federal Rules of Civil Procedure that are, or may hereafter be determined to be, applicable to this action.

WHEREFORE, having fully answered, the Defendants, Grant County Fiscal Court/Grant County, Kentucky; the Grant County Detention Center; Terry Peeples, Grant County Jailer in his individual and official capacity; Richard Clise, in his individual and

official capacity; Lisa Mentrup, in her individual and official capacity; Tonya Beagle, in her individual and official capacity; Troy Hale, in his individual and official capacity; Megan Teeters, in her individual and official capacity; and Barry Green, in his individual and official capacity, demand that the Complaint be dismissed with prejudice at the cost of the Plaintiff, for an award of attorney fees incurred in defending this action, and for any and all other relief to which they may appear to be entitled.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Jennifer L: Langen, Esq. (#87690)
ADAMS, STEPNER,
WOLTERMANN & DUSING, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200
859.392.7263 – Fax
jmando@aswdlaw.com
jlangen@aswdlaw.com

*Attorneys for Defendants, Grant County Fiscal Court, Grant County, Kentucky; Grant County Detention Center; and Terry Peeples, Richard Clise, Lisa Mentrup, Tonya Beagle, Troy Hale, Megan Teeters, and Barry Green*

**CERTIFICATE OF SERVICE**

This is to certify that on the 18th day of June, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:  John N. Billings, Esq., Gary W. Thompson, Esq. and Christopher L. Thacker, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.