UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

*ELECTRONICALLY FILED*

| | |
|---|---|
| MARK BURDEN, In His Capacity as Personal Representative of the Estate of and Next Friend of Danny Ray Burden, Deceased<br><br>Plaintiff,<br><br>v.<br><br>GRANT COUNTY FISCAL COURT, GRANT COUNTY, KENTUCKY, *et al.*<br><br>Defendants. | CASE NO. 2:14-CV-54-WOB-JGW |

## AGREED PROTECTIVE ORDER

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants, Advanced Correctional Healthcare, Inc., Celeste Kiefner (Nurse), Edna M. Harrison (Nurse), Unknown Employees of Advanced Correctional Healthcare, Inc., and Dr. Nadir Al-Shami (Doctor), by and through counsel, pursuant to Federal Rules of Civil Procedure, hereby agree to provide counsel with documents from Defendant, Advanced Correctional Healthcare, Inc., (where relevant and not otherwise objected to and/or privileged) in response to Interrogatories and Requests for Production of Documents, which are maintained by Advanced Correctional Healthcare, Inc. as confidential documents, under the following terms and conditions:

1. The documents produced by Advanced Correctional Healthcare, Inc. under this Protective Order shall be kept confidential and no portion shall be used for business or competitive purposes, nor for use in any other case, lawsuit, claim, or used in any fashion causing dissemination to the public, except during the trial of this action;

2. Any party to this action to whom any portion of the documents are disclosed may provide such documents and information to persons whose assistance is required by that party's counsel in conducting this litigation. Any party or party's counsel may also provide such documentation to or discuss it with witnesses or prospective witnesses. However, all such persons to whom such documentation is provided or with whom it is discussed, first must be made fully aware of the terms of this Agreed Protective Order and understand that the use of any such documentation is strictly limited to preparation for trial or other proceedings in this action;

3. No reference to this Agreed Protective Order, direct or indirect, shall be made within the hearing of the jury or jury panel by any party hereto, their attorneys, witnesses, agents or employees, nor shall reference be made to the fact that any information has been designated as confidential or that this documentation has been sealed or access thereto limited;

4. All portions of this documentation which are introduced into evidence, if any, or otherwise revealed to the jury at the trial of this action shall be sealed upon the conclusion of such trial pending any appeal of same;

5. All originals and copies of any portion of the documentation in the possession of any party, attorney, expert witness, or other person, shall be completely destroyed or returned to counsel for Advanced Correctional Healthcare, Inc., within sixty (60) days after the entry of Final Judgment in this case, or after other resolution of the issues in this case. Counsel for the party who received any portion of the documentation shall make a reasonable effort to collect it from his/her clients, expert witnesses, and all other persons to whom such documentation was distributed, and destroy it or return it to counsel for the disclosing party, or request that said expert witnesses or other receiving parties destroy such documentation; and

6. All parties agree that no party has waived their right to object to any such protected documents by voluntarily producing same.

7. Advanced Correctional Healthcare, Inc. may designate any document or information contained in any response to a discovery request, or any portion thereof, as confidential, and therefore subject to this Order, by placing the word "Confidential" on the face of the document or information, provided that Advanced Correctional Healthcare, Inc. believes in good faith that such document or information constitutes a trade secret, confidential financial information, or other confidential commercial information that would normally merit protection pursuant to Fed. R. Civ. P. 26(c).

8. Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is agreed to by Advanced Correctional Healthcare, Inc. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief.

9. This Order is meant to be compliant with the Kentucky Open Records Act.

/s/ Colleen C. Hartley
Tracy S. Prewitt
Colleen C. Hartley
O'BRYAN, BROWN & TONER, PLLC
1500 Starks Building
455 South Fourth Street
Louisville, Kentucky 40202
tprewitt@obtlaw.com
hartleyc@obtlaw.com
*Counsel for Defendants, Advanced Correctional Healthcare, Inc., Celeste Kiefner (Nurse), Edna M. Harrison (Nurse), Unknown Employees of Advanced Correctional Healthcare, Inc., and Dr. Nadir Al-Shami (Doctor)*

/s/ Christopher L. Thacker (w/permission)
John Nathan Billings
Christopher L. Thacker
BILLINGS LAW FIRM, PLLC
111 Church Street, Suite 200
Lexington, Kentucky 40507
nbillings@blfky.com
cthacker@blfky.com
*Counsel for Plaintiff, Mark Burden, in his capacity as Personal Representative of the Estate of and Next Friend of Danny Ray Burden, Deceased*

/s/ Jeffrey C. Mando (w/permission)
Jeffrey C. Mando
Jennifer Haddad Langer
Adams, Stepner, Wiltermann & Dusing, PLLC
40 West Pike Street
Covington, Kentucky 41011
jamndo@aswdlaw.com
jlangen@aswdlaw.com
*Counsel for Defendants, Grant County Fiscal Court, Grant County, Kentucky, Grant County Detention Center, Terry Peeples and Troy Hale*

Approved. 4/21/15



Signed By:
J. Gregory Wehrman
United States Magistrate Judge